UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 10-76383
                                                          Chapter 7
    FRANK J. SATTLER,                          Hon. Walter Shapero

        Debtor.
_____/

**OPINION DENYING TRUSTEE'S MOTION TO APPOINT
RALPH ROBERTS REALTY, LLC, TO MARKET THE PROPERTY**

The Trustee has applied for approval of the appointment of Ralph Roberts Realty, LLC, as Real Estate Broker ("Broker") to market certain realty. The first mortgagee of Debtor's property obtained relief from stay and a foreclosure sale was recently held, and the equity of redemption period is now running. The first mortgagee apparently bid in the balance due on the mortgage at the sale. The bankruptcy case remains open and the Trustee seeks to appoint the indicated real estate broker to assist him in trying to realize equity, if there is such, for the creditors. This case was commenced as a Chapter 13 on December 2, 2010, and was converted to a Chapter 7 on January 12, 2011.

Debtor opposes the application on grounds that the Broker is not disinterested and may have an adverse interest. The U.S. Trustee has approved the application.

Debtor filed an affidavit stating that, until June 2009, he was a licensed Real Estate Salesperson working at Ralph Roberts Realty, LLC, under Ralph Roberts, who was the licensed broker; Debtor having previously worked there for some 12 years. The affiant also says he and Mr. Roberts had entered into several limited liability companies as co-members and that their relationship ended in disharmony in June 2009. The indicated affidavit also says there is a pending

1

lawsuit in Macomb County between Andler Investments, LLC as plaintiff and Global Investment Holdings, LLC as one of two defendants. The affidavit also alleges that Debtor, who describes himself as a competitor of Roberts, is a Real Estate Sales Person for one of the parties to that case and that Roberts has an economic interest in the other party to that lawsuit.

The Complaint in the referred to lawsuit (attached to the affidavit) seeks to quiet title to a piece of property that the Plaintiff alleges was owned by a Terry Dyer, who defaulted on a mortgage. The property was sold to Global Investments at a sheriff's sale. That Complaint alleges that Plaintiff received via a bankruptcy trustee (in the bankruptcy case of the said Terry Dyer) a quit claim deed, conveying to it the rights to the property, including the equity of redemption involved. That Bankruptcy Trustee's Deed, dated September 27, 2010, names as grantee "Ralph Roberts and/or Assigns." It would thus appear Roberts likely assigned his interest, whether to the Plaintiff, Andler Investments, LLC, or to some other entity which did. Thus, Sattler's involvement in the matter is most likely thru some relationships he has or had with the Defendants. Also attached to the said Complaint is (1) a quit claim deed from that same bankruptcy trustee, dated July 20, 2010 to the Defendant, Global Investments, and (2) a Warranty Deed from Global Investments to the other defendant, KKI Investments, dated October 13, 2010 - there being a claimed relationship between those two Defendants.

11 U.S.C. § 327 precludes the appointment of someone or an entity such as Ralph Roberts Realty, LLC, who or which holds or represents an interest that is adverse to the estate, and is not disinterested. 11 U.S.C. § 101(14) defines a disinterested person as being one that, among other things, "is not and was not within, 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor[.]" In that respect, the referred to affidavit also states, as noted,

2

that until June 30, 2008, Debtor was a licensed salesman working in the office of Ralph Roberts, LLC, of which Ralph Roberts was the licensed Broker. It is to be noted that the public records of the State of Michigan relative to Ralph Roberts, LLC and other evidence, indicate that entity is a Domestic Limited Liability Company as to which Ralph Roberts is a licensed Real Estate Broker. A fair inference is that Ralph Roberts was, and is a, or the, principal of that entity and thus stood in a relationship to the Debtor of having managed the entity for which Debtor was a salesperson, i.e.: in essence Roberts was Debtor's boss. In this Court's view, that is within the spirit, if not the letter, of the quoted statutory definition of an interested person.

Thus, in sum, what we have is not only the unhappy remnants of the breakup in the prior relationship between Roberts and the Debtor, but also, in reference to the existing Macomb County case, we have Roberts possibly involved as an apparent intermediate prior assignee of the property claimed to be owned by the Plaintiff on the one hand, and the Debtor who has indicated an involvement with the Defendants in that case who claim they own that same property, on the other. The ultimate actual involvement of the two in that case has not yet been fully explored, but the indicated potential, together with the facts of the prior relationship directly between Roberts and Debtor, afford enough of a basis for denying the application. Arguably, the Court might conduct an evidentiary hearing to sort out the truth and purport of the allegations in the said affidavit and its referred to lawsuit, to see if such might alter the Court's view of the matter based on the face of the documents presently before it. The Court has concluded it will not do so because it would be a time consuming distraction from what the Court sees as the more important need (primarily because the redemption time is running) to accelerate the process of investigating and finding a potential buyer of the property.

3

10-76383-wsd    Doc 48    Filed 03/08/11    Entered 03/09/11 08:15:29    Page 3 of 5

As to the matter of adverse interest of conflict, to be sure, the greater price for the property over and above the redemption amount Roberts will be able to obtain, in fact, given any exemption available to the Debtor, might accrue to the benefit of Debtor as well as the creditors of the bankruptcy estate. It is also possible that at a certain price level above the redemption price but below that plus the full allowable exemption, discussions and negotiations might need to take place directed to, among other things, reducing or settling the exemption (and, thus the amount that Debtor might receive from a sale), and questions raised as to whether the price obtained by Roberts through his efforts involved might not be the best price obtainable, etc. While that potential would exist no matter who the broker might be, it should not be complicated by some concerns about there being some ulterior motive on either the part of Roberts, or indeed the Debtor, in dealing with or reacting or objecting to, any sale which the Trustee might seek as a result of Robert's efforts to have the Court approve, arising from their indicated relationships.

While the Court almost always does, and indeed ought to usually respect the choice by a Trustee of a professional to act on the Trustee's behalf, the essence of § 327, and the required Court oversight thereunder, is that the activities of a chosen professional be unfettered by past or existing relationships which might taint those activities or the advice given the Trustee incident thereto, or lead one to question motives for such. While Mr. Roberts has apparently acted for and on behalf of the Trustee in other cases and in somewhat similar situations to the satisfaction of the Trustee, and is thus a known quantity, the Court also does not perceive that there is such a dearth of others capable and available to perform the same functions as might militate against the Court's indicated conclusion. At bottom, a certain actual and perceived, purity of process is both important and paramount to the proper administration of bankruptcy cases and the integrity of the system. That

4

concept will be upheld and reinforced by denying the application under the particular circumstances in this case. An Order is being entered concurrently herewith.

**Signed on March 08, 2011**

                                                                                         **/s/ Walter Shapero**
                                                                          **Walter Shapero**
                                                                          **United States Bankruptcy Judge**